UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

KINSALE INSURANCE COMPANY,

    Plaintiff,                                    CASE NO:

v.

THE HAMMOCKS COMMUNITY
ASSOCIATION, INC. and
FRITZ MAX ANDRE,

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

KINSALE INSURANCE COMPANY ("Kinsale") files suit against THE HAMMOCKS COMMUNITY ASSOCIATION, INC. ("The Hammocks") and FRITZ MAX ANDRE ("Andre"), and alleges:

**NATURE OF THE ACTION**

1. This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to determine there is no coverage for a pedestrian who was struck by an automobile under a commercial general liability policy that includes an Absolute Auto Exclusion.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

3. Venue is proper in this district because the pedestrian was struck by an automobile in this district, the underlying lawsuit is pending in this district, and otherwise, a "substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(1).

4. All conditions precedent occurred, have been performed, or were waived.

## THE PARTIES

5. Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is accordingly a citizen of Arkansas and Virginia. For purposes of this action, Kinsale is a surplus lines insurer that issued a liability policy to The Hammocks as the Named Insured.

6. The Hammocks is a Florida corporation with its principal place of business in Miami-Dade County, Florida. The Hammocks is accordingly a citizen of Florida.

7. Andre is domiciled in Miami-Dade County, Florida. Andre is accordingly a citizen of Florida.

## THE AUTOMOBILE ACCIDENT

8. On 11/10/2024, Andre "was walking in his residential complex [The Hammocks] and was hit by a car at a slow rate of speed." (*See* Miami-Dade Fire Rescue Report, at Pg. 1, which is attached as Exhibit "A.")

9. Andre was transported to West Baptist hospital for further medical evaluation and treatment. (*Id*.)

10. As a result of being struck by an automobile, Andre sued The Hammocks in circuit court in Miami-Dade County, in a lawsuit styled *Fritz Max Andre v. The Hammocks Community Association, Inc., et al*, Case Number 2025-015146-CA-01. (*See* Complaint, which is attached as Exhibit "B.")

11. The complaint alleges on 11/10/2024, "Jose Bernardo Bello negligently operated and/or maintained the subject vehicle, causing it to strike [Andre] and/or causing [Andre] to sustain bodily injuries[.]" (*Id*. at ¶12.)

12. Andre blames The Hammocks. According to him, "numerous tenants and residents of the subject residential community had made complaints to [The Hammocks] regarding the lack of adequate lighting in the parking lot of common areas … for pedestrian activities such as walking their dogs." (*Id*. at ¶13.)

13. The complaint further alleges that as " [Andre] was caused to be struck by oncoming traffic and sustain serious bodily injuries, along with resulting past and future pain and suffering, disability, disfigurement, inconvenience …" (*Id*. at ¶22.)

## THE KINSALE POLICY

14. "Surplus lines insurance exists to assume risks that licensed insurance companies decline to insure …" *Raven Envt. Restoration Servs., LLC v. United Nat'l Ins. Co.*, 489 F. Supp. 3d 1372, 1375 (S.D. Fla. 2020).

15. The Hammocks could not obtain insurance from an admitted insurer so as a last resort it applied for insurance in the surplus lines market.

16. The Hammocks applied for and purchased a surplus lines commercial general liability policy from Kinsale as the Named Insured, bearing Policy Number 0100277130-0, and effective from 01/06/2024 to 01/06/2025. (*See* Policy, which is attached as Exhibit "C.")

17. Before the policy was issued and delivered to The Hammocks, all the forms and endorsements were disclosed to The Hammocks in a Quote. (*See* Quote, which is attached as Exhibit "D.")

18. Before the policy was issued and delivered to The Hammocks, all forms and endorsements were disclosed to The Hammocks in a Binder. (*See* Binder, which is attached as Exhibit "E.")

19. The Hammocks accepted all the terms and conditions that were proposed in the Quote and the Binder.

20. Kinsale is defending the Hammocks in the underlying action under a complete reservation of rights.

## COUNT I – THERE IS NO COVERAGE UNDER THE ABSOLUTE AUTO EXCLUSION

21. Kinsale incorporates paragraphs 1 through 20.

22. The policy includes an endorsement labeled "EXCLUSION – ABSOLUTE AUTO, AIRCRAFT AND WATERCRAFT" ("Absolute Auto Exclusion") that provides:

**EXCLUSION - ABSOLUTE AUTO, AIRCRAFT AND WATERCRAFT**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

**SECTION I—COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, **2. Exclusions**, paragraph **g.** is deleted and replaced by the following:

**g.   Aircraft, Auto or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft. Use includes operation and "loading or unloading" and the handling and placing of persons, by an insured, into, onto or from an "auto".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.

**SECTION IV—COMMERCIAL GENERAL LIABILITY CONDITIONS, Other Insurance,** paragraph **b. Excess Insurance**, subparagraph reading as follows, is deleted from this policy:

"If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability."

(*See* Ex. C. at Form CAS3017 0110, Pg. 1/1.)

23. The policy includes an endorsement labeled "POLICY AMENDMENT – EXTRINSIC EVIDENCE" ("Extrinsic Evidence Endorsement") that provides: "Our right and duty to defend or indemnify the insured against any claim or suit will be determined by review of the facts and allegations pleaded and the terms of this Policy, and we may look to and consider extrinsic evidence outside of the allegations, facts pleaded, or any combination thereof by any claimant to determine whether we owe a duty to defend or indemnify against any such claim or suit." (*See* Ex. C. at Form ADF2000 0622, Pg. 1/1.)

24. Accordingly, Kinsale can consider extrinsic evidence like the Fire Rescue Report, the representations made to the first responders about the automobile accident, and discovery in the underlying action.

25. Andre was struck by an auto while he was walking his dog at The Hammocks' premises on 11/10/2024.

26. Andre sued The Hammocks over the auto accident.

27. Accordingly, Kinsale's has no duty to defend or pay damages under the policy's Absolute Auto Exclusion.

## RELIEF REQUESTED

Kinsale respectfully requests that the Court:

a) Take jurisdiction and adjudicate the rights of the parties under the policy;

b) Declare the following:

   i. Kinsale has no duty to defend and/or indemnify The under the Absolute Auto Exclusion.

   ii. Kinsale is entitled to reimbursement of defense expenses since it is defending the underlying action under a complete reservation of rights.

c) Award Kinsale all costs to prosecute this action.

d) Award Kinsale any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us
**CASSIDY BIERBORDT**
Florida Bar No. 1030738
Cassidy.Bierbordt@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646